IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LAWRENCE BENNETT ) | CASE NO. 1:10CV2706 |
| ) | |
| Plaintiff, ) | |
| ) | JUDGE DONALD C. NUGENT |
| v. ) | |
| ) | |
| BOB REID ) | MEMORANDUM OF OPINION |
| ) | AND ORDER |
| Defendant. ) | |

Plaintiff *pro se* Lawrence Bennett filed this action under the Civil Rights Act of 1871, 42 U.S.C. § 1983, against Defendant Bob Reid, Sheriff of Cuyahoga County, Ohio. He alleges that a pipe in the jail burst causing flooding in the cells. The cells were vacated while they were being cleaned. When Plaintiff returned to his cell, he did not see remaining water, and because of the "reckless negligence" of jail employees, he fell and injured his neck, back, hip and foot. Plaintiff was "rushed to medical and given aspirin and physical therapy. X-rays are still needed along with some surgery to ensure correct alignment of bones." Compl. pg. 4. Further, he wants the County and Bob Reid to know about his injuries. Plaintiff requests $25,000.00, six months suspension without pay for the officers involved and payment of his medical bills.

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *Siller v. Dean*, 2000 WL 145167 * 2 (6th Cir. Feb. 1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing

numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims).

A sheriff or other county official acts on behalf of the entity he represents. *Newman v. Evans*. 2009 WL 814616 * 5 (E.D.Mich., Mar. 27, 2009). Thus, when sued in his official capacity under section 1983, the suit is actually against the county. *Monell v. Department of Social Services of City of Mew York.*, 436 U.S. 658, 690 n. 55 (1978). "Official-capacity suits ... 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.' " *Kentucky v. Graham,* 473 U.S. 159, 166 (1985) (quoting *Monell,* 436 U.S. at 691 n. 55 (1978)). *Everson v. Leis*, 556 F.3d 484, 493 (6th Cir. 2009). In such case, a plaintiff must show that the alleged violation of his or her constitutional rights resulted from acts representing official policy or custom adopted by the city. *Monell,* 436 U.S. at 690-91; *Leach v. Shelby County Sheriff,* 891 F.2d 1241, 1245-46 (6th Cir. 1989); *Moore v. Chattanooga Police Dept.*, 2008 WL 3896114 * 5 (E.D. Tenn., Aug. 19, 2008). Plaintiffs has not alleged a violation of any custom or policy.

There are no allegations against Sheriff Reid. The Sixth Circuit held in *Hays v. Jefferson County, Ky.,* 668 F.2d 869, 874 (6th Cir. 1982), that a supervisor must have at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct. Also, a failure to supervise, control or train an individual is not actionable "unless the supervisor 'either encouraged the specific incident of misconduct or in some other way directly participated in it.'" *Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir.1999). A defendant cannot be held liable under § 1983 based on the theory of *respondeat superior. Browning v. Pennerton*, 633 F. Supp.2nd 415, 431 (E.D. Ky., 2009). Therefore, Sheriff Reid must be dismissed as a party Defendant.

2

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915A. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Date: January 26, 2011

/s/ Donald C. Nugent
JUDGE DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE